UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EWERS,
    Plaintiff,

-vs.-                                  **DEMAND FOR JURY TRIAL**

MEDICAL FINANCIAL SOULTIONS,
an assumed name for Accretive Health, Inc.,
a Delaware corporation
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Scott Ewers, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Commerce Township, Oakland County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Medical Financial Solutions, an assumed name for Accretive Health, Inc., ("Medical Financial") which is a Delaware company that maintains registered offices in Bingham Farms, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt in the amount of $852.83 regarding a medical debt allegedly owed to Providence Hospital (the "Debt").

9. Mr. Ewers was making monthly payments of $100.00 to the creditor, Providence and Providence Park Hospital, on the alleged debt. The last time that he made a payment on the alleged Debt was on or about July 19, 2016. At that time, he only owed it $752.83.

10. However, on or about July 20, 2016, Mr. Ewers received a letter from Defendant dated July 14, 2016 attempting to collect $852.83 which is false as the balance should be $752.83.

11. In its letter, Defendant failed to identify itself as a debt collector. It just identified itself as a "non-credit reporting, third party agency." Defendant further stated, "Our company works as an extended business office for Providence and Providence Park Hospital to ensure your account is in good standing and does not go into default." Defendant failed to provide in its letter the statement under 1692g(5) which states that upon the consumer's written request within the 30-day period, the debt collector would provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. On or about July 29, 2016, Defendant called Mr. Ewers and left him a voicemail. Nowhere in this voicemail did Defendant state that it was a debt collector attempting to collect a debt, in violation of the FDCPA.

13. Defendant meets the definition of a debt collector under the FDCPA and is required to meet all of the standards required of a debt collector. Defendant, however, has misrepresented itself to the Plaintiff and has failed to comply with several statutory provisions of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692(11) by failing to communicate in every communication that the Defendant is a debt collector attempting to collect a debt. Defendant did this when it failed to identify itself as a debt collector in the voicemail it left Mr. Ewers.

   b. 15 U.S.C. §1692 e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it sent Mr. Ewers a letter stating that he owed it $100.00 more than what he actually owed.

   c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it attempted to collect a balance of $852.83 which was the wrong amount of the alleged Debt.

   d. 15 U.S.C. §1692g(5) by failing to provide a statement within the first 5 days of the initial communication which states that upon the consumer's written request within the 30-day period, the debt collector would provide the consumer with the name and address of the original creditor, if different from the current creditor.

   Defendant failed to provide this language in its initial communication to Mr. Ewers.

   e. 15 U.S.C. §1692(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant did this when it failed to state that it was a debt collector in its communications with Mr. Ewers and when it failed to provide the correct amount of the alleged Debt.

19. As a direct and proximate cause of its violations of the FDCPA, the Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL §339.915(a) by communicating with a debtor in a misleading or deceptive manner. Defendant did this when it failed to identify itself as a debt collector and only identified itself as a "non-credit reporting, third party agency" and an "extended business office for Providence and Providence Park Hospital."

    b. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented the amount of the alleged Debt to Mr. Ewers in its letter.

    c. MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor. Defendant did this when it failed to provide Mr. Ewers with the following statement in its initial communication, "Upon the consumer's written request within the 30-day period, the debt collector would provide the consumer with the name and address of the original creditor, if different from the current creditor."

    d. MCL §339.915(g) by communicating with a debtor without accurately disclosing the caller's identity. Defendant did this when it failed to identify itself as a debt collector in the voicemail it left Mr. Ewers.

    e. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(a) by communicating with a debtor in a misleading or deceptive manner. Defendant did this when it failed to identify itself as a debt collector and only identified itself as a "non-credit reporting, third party agency" and an "extended business office for Providence and Providence Park Hospital."

    b. MCL §445.252 (e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented the amount of the alleged Debt to Mr. Ewers in its letter.

    c. MCL §445.252(f)(ii) by misrepresenting the legal rights of the debtor. Defendant did this when it failed to provide Mr. Ewers with the following statement in its initial communication, "Upon the consumer's written request within the 30-day period, the debt collector would provide the consumer with the name and address of the original creditor, if different from the current creditor."

    d. MCL §445.252(g) by communicating with a debtor without accurately disclosing the caller's identity. Defendant did this when it failed to identify itself as a debt collector in the voicemail it left Mr. Ewers.

    e. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
| August 24, 2016 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>TRAVIS SHACKELFORD P68710<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gary@micreditlawyer.com |